## WASHBURN v GUILD et

Ohio Appeals, 2nd Dist, Clark Co

No 291. Decided Aug 31, 1936

McGrey & Laybourne, Springfield, for plaintiff.

W. H. Griffith, Springfield, for defendant.

## OPINION

By BODEY, J.

This cause is in this court on appeal from the Common Pleas and is submitted on the motion of the defendant, Bertha Guild. to dismiss the appeal for the reason that the case is not one in chancery and is, therefore, not appealable.

The action is one for the construction of the second, third and fourth items of the last will and testament of Rufus Alden Washburn. These items are as follows:

"Item Second. I give, devise and bequeath all my estate, real and personal to my executor hereinafter named ·in trust for the following purposes, viz: The said property and estate shall not be sold during the lifetime of my wife, Bessie Washburn, but the first charge upon the income shall be a liberal provision for my said wife, during the balance of her natural life. Next I' desire my said executor shall pay one thousand dollars a year to my daughter Josephine E. Guild for the care and maintenance of her blind daughter (my grand daughter) Bertha Guild. This provision shall continue as long as my said wife shall live. But the same shall only be paid out of the excess remaining after a comfortable maintenance for my said wife is provided.

"Item Third. I give and devise the rest and residue of my estate to my daughter, Josephine E. Guild and my son, Charles Alden Washburn, share and share alike. But I have not heard from my said son, Charles, for more than fifteen years and I am of the opinion that he is dead. If my said son is dead, I give and devise all the rest and residue of my estate to my said daughter, Josephine E. Guild.

"Item Fourth. I nominate and appoint my said wife, Bessie Washburn, as executor and trustee of this My Last Will and Testament, with full power to execute the provisions hereof as long as she shall live. I direct that she shall not be required to give bond as such executor and trustee."

In her petition plaintiff avers that she is in doubt on the following questions:

1. To what extent and by what method may plaintiff sell or mortgage the real estate to secure funds to put the buildings on same in proper repair;

2. To what extent may plaintiff use the income from said property to make a 'liberal provision' for herself as the widow of Rufus A. Washburn and to provide 'a comfortable maintenance' for herself, as provided in Item 2 of said will;

3. To what extent, if at all, can she sell any or all of said real estate and use the proceeds to make 'a liberal provision' for herself as the widow of Rufus A. Washburn;

4. What is the meaning of the terms 'liberal provision' and 'a comfortable maintenance' in Item 2 of said will;

5. What, if any, should be her procedure in regard to Charles Alden Washburn, son of decedent mentioned in Item 3 of said will;

6. To what extent does Item 4 of said will give plaintiff power to rent, repair, insure and generally manage and control said real estate and other assets of said estate;

7. To what extent does Item 4 or any other Item or provision of said will give plaintiff as the widow of Rufus A. Washburn, the right to reside in the former residence of decedent, and now. occupied by plaintiff as his widow, or any other of said properties, as a part of the provision made for her by said will.

This action was begun in the lower court under favor of §10587 GC, which section reads thus:

"An executor, administrator, guardian, or other trustee, may maintain an action in the Court of Common Pleas against the creditors. legatees, distributees, or other parties, asking the direction or judgment of the court in any matter respecting the trust, estate, or property to be administered, and the rights of the parties in interest, in the manner, and as fully, as formerly was entertained in courts of equity."

In passing upon the appealability of the will construction case of **Crowley, Administrator v Crowley et, 124 Oh St 454,** the Supreme Court makes this observation concerning §10857 GC, supra:

"That statute provides a legal remedy for construction of wills involving only legal estates. It must be held that on the equity side of the Court of Common Pleas that section only authorizes the direction and judgment of the court in matters where trust estates are involved, and that as to

all other matters they are heard on the law side of the court."

The court held in the Crowley case that:
"A proceeding by an executor or other fiduciary, asking the direction or judgment of the court as authorized by §10857, GC, respecting an estate which does not involve a trust, is not a chancery case, and therefore not appealable to the Court of Appeals under §6 of Article IV of the Constitution."

This is the law of Ohio and unless the direction and judgment of the court which is sought in the instant case involves the construction of the trust created by the will the action is not appealable. In our judgment a trust was created by this testator which exists during the lifetime of his widow. The questions upon which the executrix seeks the guidance of the court are related to the maintenance of the trust and involve the construction of the language employed to establish that trust. Therefore, under the holding in the Crowley case, supra, the equity powers of the court are involved.

It is our opinion that the instant action is of a chancery character and that the motion to dismiss the appeal should be overruled. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.