**SHOOK, Exr., v. McCONNELL, et al.**

Probate Court, Hamilton County.

No. 3483. Decided January 22, 1951.

Berry, McClain and White, Cincinnati, for Norman J. Childs.
W. B. Bush, Cincinnati, for Lucy McConnell.
Selma Raphaelson, Cincinnati, for executor.

## OPINION

By DAVIES, J.

In this action, Chester R. Shook, executor of the estate of James H. Ross, who died on March 30, 1950, seeks a declaratory judgment to determine what persons are entitled to distribution under Item III of the will of said testator.

Item I of the will provides for the payment of debts and funeral expenses. Item II gives the testator's barber shop located in Cincinnati, Ohio, to all of his employes working in said shop at the time of his decease. Item III of the will reads as follows:

"I hereby give, devise and bequeath all of the balance of my estate, real, personal and mixed, of whatsoever nature and wheresoever the same may be situated, which I may own or have the right to dispose of at the time of my decease, to my heirs, in accordance with the laws and statutes of Descent and Distribution of Ohio in effect at the time of my decease."

Items IV and V provide for the appointment of a fiduciary and give said representative full and complete power to sell, at either public or private sale, all or any part of decedent's property, without authority of court and without the necessity of the purchaser looking to the application of the purchase money.

Among the assets in the estate of James H. Ross, deceased, is the sum of $4267.00 in cash which is the identical cash which came to him as a bequest from the estate of his wife, Mary L. Ross, who died on December 15, 1949. James H. Ross, the husband, died without issue and at the time of his death was survived by a sister, Lucy McConnell, a niece, Margaret Parker, the daughter of his predeceased sister, Mary Ross, a niece and nephew, Mary Ann Eady and Charles Ross Jackson, the two children of his predeceased sister, Christine Jackson, and a niece and nephew, Nettie Ross Davis and Claudius L. Ross, the two children of his predeceased brother, William Ross. At the time of James H. Ross' death, his predeceased wife, Mary L. Ross, was survived by her brother, Norman J. Childs and two nephews, Culbreth B. Cook, Jr. and Charles W. Cook, the children of a predeceased sister, Kate Cook.

Under these circumstances, a controversy has arisen between the blood heirs of the husband and the named heirs of the predeceased wife as to the proper distribution of the $4267.00 in the husband's estate which came to him from his wife's estate. The husband's blood heirs claim that they are entitled to all of said property, and the heirs of the wife con-

tend that they are entitled to one-half of said property under the provisions of §10503-5 GC, which reads as follows:

"When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse, by deed of gift, devise, bequest or descent, or by virtue of an election to take under the statute of descent and distribution, then such estate real and personal, except one-half thereof which shall pass to and vest in the surviving spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. If there are no children, or their lineal descendants, then such estate, real and personal, except for the one-half passing to the surviving spouse, if any, of such relict, shall pass and descend as follows: one-half to the other heirs of such relict, under the provisions of the other statutes of descent and distribution, in the same manner and proportions as if the relict had left no surviving spouse; and one-half to the parents of the deceased spouse from whom such real estate or personal property came, equally, or the survivor of such parents, and if there be no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of such deceased spouse, or their lineal descendants, per stirpes. * * *"

Although James H. Ross died without surviving issue and possessed of identical personal property which came to him from his predeceased spouse, §10503-5 GC, can have no direct application because the husband died **testate and not intestate.**

We, however, are faced with the problem of determining to what **heirs** he intended to give and devise the identical personal property which came to him from his wife.

The cardinal rule of interpretation of a will is to ascertain and give effect to the intention of the testator. That intention must be ascertained from the language used in the will. The testator must be presumed to have meant what he said. **Smith et al. v. Hunter et al., 86 Oh St, 106,** 99 N. E. 91. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear from the context that they were used by the testator in some secondary sense. **Townsend v. Townsend, et al., 25 Oh St, 477.**

The term **heirs,** when used in a will, is flexible and should be so construed as to give effect to the manifest intention of the testator as ascertained by a due consideration of all the provisions of the will. It is presumed in the construction of a will that the testator was acquainted with the rules of

law and with the laws of descent and distribution. **Foster et al. v. Clifford et al.,** 87 **Oh St,** 294, 101 N. E., 269.

At common law an "heir" is defined to be one who is born or begotten in wedlock and upon whom the law casts the estate in lands, tenements or hereditaments, immediately upon the death of the ancestor. **14 O. Jur. 178;** Walker v. Walker, 283 Ill., 11, 118 N. E., 1014. According to Bouvier's Law Dictionary, the word "heir" as defined in its strict and technical import applies to the person or persons appointed by law to succeed to the estate in case of intestacy.

The primary significance to be given the word "heir", as used in a testamentary instrument, is, in the absence of any contrary context, those persons who would take the property of the person designated as ancestor in case of his death intestate. 57 Am. Jur. 908, Sec. 1369.

The phrase "heirs at law" is not restricted to blood relatives of the testator unless such an intention is made manifest. In the case of Smith et al. v. Hunter et al., supra, language devising a remainder of an estate to the heirs at law of the beneficiary for life is regarded as including an adopted child of the beneficiary on the ground that the words "heirs at law" meant those who by law might be entitled to succeed to the property of which the testator should die seized as of an estate of inheritance.

In **Miller et al. v. Miller,** 9 O. C. C. (N.S.) 242, affirmed in **77 Oh St, 643,** it was held that where a testator devises a parcel of real estate to his son for life, with remainder to his **lawful heirs,** and the son marries after the death of the testator, upon the death of the son, his wife takes as heir, where there is nothing in the will tending to show that the testator used the words **lawful heirs** in a different sense from their strict and technical import, since, under the statute of descent and distribution, the wife would inherit from her husband.

The right to make a will is in no sense a property right or a so-called natural right. It is not a right protected by any of the constitutional provisions whereby property is protected and is not an inherent right, but it is purely a statutory right, subject to the complete control of the Legislature. Page on Wills, Vol. 1, Sec. 25, page 49.

The Legislature has the right to determine by statute to what heirs a distribution of a decedent's estate shall be made. Having once determined the method of descent of intestate property, the Legislature has the right, and very frequently asserts the right, to change that order of descent.

When James H. Ross died, and at present, §10503-4 GC, provided generally for the descent and distribution of a per-

son's estate when he died intestate, and other sections immediately following in the same chapter dealing with descent and distribution provided what the descent of an estate should be in certain specific circumstances.

The aforesaid §10503-5 GC, commonly referred to as the Half and Half Statute, is an integral part of the statutes of descent and distribution under the laws of Ohio.

Applying the above rules of construction and principles of law, it is not difficult to determine the identity of the heirs to whom James H. Ross desired to give the balance of his estate under the provisions of Item III of his will. When he gave said balance to his heirs, in accordance with the laws and statutes of descent and distribution of Ohio in effect at the time of his decease, he clearly intended that said balance should be distributed to those individuals who would be entitled to the same in the event he would die intestate. This means that he intended that the $4267.00 which came to him from his wife should be distributed under the laws of intestate succession of Ohio. Since he died without issue, possessed of this identical cash, under the provisions of §10503-5 GC, one-half of said sum of $4267.00 remaining after deducting therefrom the proportionate share of the costs of administration and debts chargeable to said sum shall pass and descend as follows: one-half to the aforementioned brother and nephews of Mary L. Ross, deceased, and one-half to the named sister and lineal descendants of the predeceased sisters and brother of James H. Ross, deceased. Since the whole of James H. Ross' estate consists of personal property, the percentage of the costs chargeable to said sum of $4267.00 shall be determined from a fraction in which said sum is the numerator and the total assets of the estate, including said sum, is the denominator.

Accordingly, the amount remaining of said $4267.00, after deducting therefrom the costs of administration and debts, determined as aforesaid, shall be divided as follows:

| | |
|---|---|
| Norman J. Childs | 4/16ths |
| Culbreth B. Cook Jr. | 2/16ths |
| Charles W. Cook | 2/16ths |
| Lucy McConnell | 2/16ths |
| Margaret Parker | 2/16ths |
| Mary Ann Eady | 1/16th |
| Charles Ross Jackson | 1/16th |
| Nettie Ross Davis | 1/16th |
| Claudius L. Ross | 1/16th |