**BUSSELL, Plaintiff, v. CLINE, Executor under the last Will and Testament of Luella Mills deceased, Wallace Bussell, Mrs. H. C. Godown, Robert Foster, Catherine Wilson, Wanda Shupert, and Friends Church of Sabina, Ohio, Defendants.**

Common Pleas Court, Clinton County.

No. 18536.   Decided May 18, 1959.

332

Hoover, Beall & Eichel, Cincinnati, Schilling & Schilling, Wilmington, for Charles E. Bussell, plaintiff.

Frank O. Thoroman, Sabina, for Raymond W. Cline, Executor under the Last Will and Testament of Luella Mills, deceased, defendant, Charles R. Kirk, Wilmington, for Wallace Bussell, defendant.

## OPINION

By SWAIM, J.

OPINION ON MOTION TO DISMISS ACTION TO CONTEST WILL, BECAUSE OF FAILURE TO MAKE BROTHER OF PREDECEASED SPOUSE OF DECEDENT (TESTATRIX), A PARTY HERETO WITHIN THE STATUTORY SIX MONTHS FROM PROBATE OF WILL OF DECEDENT (TESTATRIX). THE MOTION HAVING AS BASIS THE "HALF-AND-HALF" STATUTE, §2105.10 R. C.

Luella Mills, testatrix herein, residing at Sabina, Clinton County, Ohio, died testate on June 8, 1959, survived by one brother, Wallace Bussell, of Cleves, Ohio, and a nephew (apparently only child of a deceased brother), Charles E. Bussell, of Salina, Kansas, and Dayton, Ohio; parents of testatrix were deceased, Decedent was the un-remarried widow of Perley B. Mills, who died testate on February 22, 1950, leaving his entire estate to this Luella Mills, his widow. There were no children or their lineal descendants, of this marriage, surviving at the time of either death, and neither of these decedents had any issue otherwise. Parents of Perley B. Mills had predeceased him. This predeceased husband, Perley B. Mills, had and still has one brother surviving, his sole next-of-kin of blood, E. R. Mills, of Sabina, Ohio.

The last Will and Testament of Luella Mills, deceased, was admitted to probate in the Probate Court of Clinton County, Ohio, on July 19, 1958, and letters testamentary were issued on September 16, 1958, to Raymond Cline (Raymond W. Cline) the designated executor. Mrs. Mills left several specific bequests, including $500 to her nephew, Charles E. Bussell, the plaintiff herein, and left the residue of her estate to her brother, Wallace Bussell, one of the defendants herein, and one of the two parties filing the Motion to Dismiss the Action to Contest the Will.

The Executor filed the Inventory and Appraisement in this estate on January 17, 1959, shortly before six months after the probate of the will.

The nephew and legatee, Charles E. Bussell, filed suit to Contest the Last Will of the Testatrix, Luella Mills, on January 16, 1959 (within statutory six months from probate of will on July 19, 1958), in this Court of Common Pleas of Clinton County, Ohio, the defendants being: The Executor, Raymond W. Cline; the brother and residuary beneficiary, Wallace Bussell, and all the persons named in the specific bequests (other than the plaintiff himself), to-wit: The Friends Church of Sabina, Ohio; Mrs. H. C. Godown; Robert Foster; Catherine Wilson; and Wanda Shupert, Praecipes were filed, and summons issued same day, that is, January 16, 1959; all of the several defendants were regularly served with summons; no alias summons had to be issued.

E. R. Mills, the brother of the predeceased husband of testatrix, was not made a party defendant in this Will Contest and no summons was issued for him within the six months period, by statute; neither was he made a party defendant after the statutory six months. He did not join as a plaintiff at any time; in short, at no time was he a party, either plaintiff or defendant, in this will contest.

On February 13, 1959 (more than six months after the probating the will), Wallace Bussell, the brother and residuary legatee and beneficiary, and Raymond W. Cline, Executor of Estate of Testatrix, both being defendant herein, filed a Motion, by their attorneys, for the Court to dismiss this cause for "want of jurisdiction because of the failure to make a necessary party thereto within the statutory period within which such an action may be brought." Motion was supported by Affidavit, stating that the testatrix was the relict of Perley B. Mills (died testate on February 22, 1950), who left his entire estate to his widow, this Luella Mills; that there was some identical real estate, also identical shares of stock, from his estate, in her estate; that E. R. Mills, of Sabina, Ohio, was brother of said Perley B. Mills, deceased, and was alive. In Memorandum supporting the Motion, it is argued that E. R. Mills, brother of predeceased husband, under §2105.10 R. C. (the Ohio "half-and-half" statute), would inherit a full one-half of the identical property, if said Luella Mills died intestate; that he was an heir of said Luella Mills, and a person interested in her estate; that as he was not made a party defendant, or otherwise made a party to this action, within the statutory six months from the probating of will of decedent, the motion should be sustained, and action dismissed.

In opposition, on hearing, counsel for plaintiff claim that E. R. Mills is **not** an **heir** of Luella Mills, deceased; that he is only a potential

claimant under the "half-and-half" statute; that his right as such can not be established until this will should be set aside and no other valid will is presented; that under Ohio Laws, the only one who is an heir is a person who takes under §2105.06 R. C., the "Statute of Descent and Distribution"; no where is he made an heir; that E. R. Mills would never take penny from Luella Mills, deceased, under §2105.06 R. C., and therefore he is not a necessary party to the Will Contest, that the proper parties under the laws are before the Court, that the Motion should be overruled, and the case tried on merits.

Attorneys for Plaintiff cite: **Smith v. Hunter (1912), 86 Oh St 106,** 99 N. E. 91; **Kennedy, Exr. v. Walcutt (1928), 118 Oh St 442,** 161 N. E. 336; Machovina v. Machovina (1936), 132 Oh St 171, 5 N. E. (2d), 496, 7 O. O. 253; **Holt v. Miller (1938), 133 Oh St 418,** 14 N. E. (2d), 409, 11 O. O. 85; **Fletcher v. Bank, Exr. (Jan. 1958), 167 Oh St 211,** 147 N. E. (2d), 621, 4 O. O. (2d), 268; §10503-4 GC (after January 1, 1932), §§2105.06, 2105.10 and 2741.02 R. C.

Attorneys for the Defendants before the Courts on this Motion rely upon the whole **Chapter 2105**—DESCENT AND DISTRIBUTION, and the whole **Chapter 2741**—WILL CONTEST, and some of the cases cited by counsel for Plaintiff.

------------    ------------    ------------

The questions herein must be decided under the various statutes of Ohio, as the whole matter is statutory as to who are the "heirs" of an intestate person, and as to will contests.

Ohio has had a "half-and-half" statute since April 11, 1877, **74 Ohio Laws 81,** with various revisions from time to time. There is no decided case in Ohio, as far as counsel or this Court know, that holds that a person who would inherit under the "half-and-half" statute, if the decedent died intestate, must be made a party defendant in a contest of the will of relict of a predeceased spouse. No authorities are cited from any other state, as few states have such a "half-and-half" statute.

California has a "half-and-half" statute, in regard to certain property, which statute will be discussed later, with cases cited interpreting the same.

------------    ------------    ------------

The Ohio Statutes as to Will Contests are found in **Chapter 2741**— WILL CONTEST, with a related section in **Chapter 2107**—Wills, R. C.; there being three pertinent sections in **Chapter 2741,** as follows:

**Sec. 2741.01 R. C.** Contest of Will or Codicil. A person interested in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest its validity by a civil action in the court of common pleas of the county in which such probate was had.

**Sec. 2741.02 R. C.** Necessary parties. All the devisees, legatees and heirs of the testator, and other interested parties, including the executor or administrator, must be made parties to an action under §2741.01 R. C.

**Sec. 2741.09 R. C.** Limitation of action to contest will. An action to contest a will or codicil shall be brought within six months after it has been admitted to probate, but persons under any legal disability

may bring such action within six months after such disability is removed. The rights saved to persons under disability shall not be effective as against a bona fide purchaser for value, a fiduciary who has acted in good faith, or a person delivering or transferring property under authority of a will to an appointed fiduciary or to any other person.

The related section in **Chapter 2107**—Wills, is §2107.23 R. C., as follows:

**Sec. 2107.23 R. C.** Contest of will within six months; exception. If within six months after a will is admitted to probate, no person files an action to contest the validity of the will, the probate shall be forever binding, except as to persons under any legal disability, or to such persons for six months after such disability is removed. The rights saved shall not affect the rights of a purchaser for value in good faith, a lessee for value in good faith, or an encumbrancer for value in good faith, nor impose any liability upon a fiduciary who has acted in good faith, or upon a person delivering or transferring property to any other person under authority of a will, whether or not such purchaser, lessee, encumbrancer, fiduciary, or other person had notice, actual or constructive, of such legal disability.

There is another section in this **Chapter 2107**—WILLS, which was discussed by counsel, and the same will be cited or copied herein, now:

**Sec. 2107.13 R. C.** Notice of probate.. No will shall be admitted to probate without notice to the surviving spouse and to the persons known to the applicant to be residents of the state who would be entitled to inherent from the testator under §§2105.01 to 2105.21, inclusive, R. C., if he had died intestate. Notice need not be given to any person who would be entitled to inherit from the testator solely by reason of relationship to a deceased spouse of the testator. (As effective September 4, 1957.)

As the parties filing the Motion to Dismiss, rely upon the "half-and-half" statute, §2105.10 R. C., and as the plaintiff claims that only §2105.06 R. C., is aplicable to determine who are the heirs of an intestate decedent, let us therefore consider the whole chapter in which those sections are found, to-wit:

**Chapter 2105 R. C.**—DESCENT AND DISTRIBUTION:

**Sec. 2105.01 R. C.** No distinction between ancestral and nonancestral or real and personal property. In intestate succession, there shall be no difference between ancestral and nonancestral property or between real and personal property.

**Sec. 2105.02 R. C.** Construction of "living" and "died." (Not copied herein.)

**Sec. 2105.03 R. C.** Determination of next of kin. In the determination of intestate succession, next of kin shall be determined by degrees of relationship computed by the rules of civil law.

**Sec. 2105.04 R. C.** Permanent leases to descend same as estates in fee. (Not copied herein.)

Sec. 2105.05 R. C. Advancements. (Not copied herein.)

Sec. 2105.06 R. C. Statute of descent and distribution. When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided in Chapter 2105 R. C., in the following course:

(A) If there is no surviving spouse, to the children of such intestate or their lineal descendants, per stirpes;

(B) If there is a spouse and one child or its lineal descendants surviving, one-half to the spouse and one-half to such child or its lineal descendants, per stirpes;

(C) If there is a spouse and more than one child or their lineal descendants surviving, one-third to the spouse and the remainder to the children equally, or to the lineal descendants of any deceased child, per stirpes;

(D) If there are no children or their lineal descendants, three-fourths to the surviving spouse and one-fourth to the parents of the intestate equally, or to the surviving parent; if there are no parents, then the whole to the surviving spouse.

(E) If there is no spouse and no children or their lineal descendants, to the parents of such intestate equally, or to the surviving parent;

(F) If there is no spouse, no children or their lineal descendants, and no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of the intestate, or their lineal descendants, per stirpes;

(G) If there are no brothers or sisters or their lineal descendants, one-half to the paternal grandparents of the intestate equally, or to the survivor of them, and one-half to the maternal grandparents of the intestate equally, or to the survivor of them;

(H) If there is no paternal grandparent or no maternal grandparent, one-half to the lineal descendants of such deceased grandparents, per stirpes; if there are no such lineal descendants, then to the surviving grandparents or their lineal descendants, per stirpes; if there are no surviving grandparents or their lineal descendants, then to the next of kin of the intestate, provided there shall be no representation among such next of kin;

(I) If there are no next of kin, to stepchildren or their lineal descendants, per stirpes;

(J) If there are no stepchildren or their lineal descendants, escheat to the state.

Sec. 2105.07 R. C. Escheat of personal estate. (Not copied herein.)

Sec. 2105.08 R. C. Application of provisions relating to escheating estates. (Not copied herein.)

Sec. 2105.09 R. C. Disposition of escheated lands. (Not copied herein.)

Sec. 2105.10 R. C. Descent of estate which came from deceased spouse. When a relict of a deceased husband, or wife, dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by deed of gift, devise, bequest,

descent, or by an election to take under §2105.06 R. C., such estate, real and personal, except one-half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. If there are no children, or their lineal descendants, such estate, except for the one-half passing to the surviving spouse of such relict, shall pass and descend as follows:

(A) One-half to the other heirs of such relict as provided by §§2105.01 to 2105.09, inclusive, and §§2105.11 to 2105.21 inclusive, R. C., and in the same manner and proportion as if the relict had left no surviving spouse;

(B) One-half to the parents of the deceased spouse from whom such real estate or personal property came, equally, or to the survivor of such parents;

(C) If there is no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of such deceased spouse, or their lineal descendants, per stirpes;

(D) If there are no children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, no parent and no brothers or sisters, whether of the whole or of the half blood, or their lineal descendants, who survive such relict, then this section shall not apply and all such real estate and personal property shall pass and descend as provided by §§2105.01 to 2105.09, inclusive, and §§2105.11 to 2105.21 inclusive, R. C.

Sec. 2105.11 R. C. Estate to descend equally to children of intestate. (Not copied herein.)

Sec. 2105.12 R. C. Descent when all descendants of equal degree of consanguinity. (Not copied herein.)

Sec. 2105.13 R. C. Descent when children and heirs of deceased children are living. (Not copied herein.)

Sec. 2105.14 R. C. Posthumous child to inherit. (Not copied herein.)

Sec. 2105.15 R. C. Designation of heir at law. (Not copied herein.)

Sec. 2105.16 R. C. Heirs of aliens may inherit; aliens may hold lands. (Not copied herein.)

Sec. 2105.17 R. C. Capability of bastards as to inheritance. (Not copied herein.)

Sec. 2105.18 R. C. Illegitimate children deemed legitimate; custody to father, when. (Not copied herein.)

Sec. 2105.19 R. C. Murderer not to benefit. (Not copied herein.)

Sec. 2105.20 R. C. Waste by tenant for life. (Not copied herein.)

Sec. 2105.21 R. C. Presumption of order of death. (Not copied herein.)

------------ ------------ ------------

Under the statutes above quoted, the case was filed within the six months time, the executor was made party defendant, the beneficiaries in the will are all either party plaintiff or parties defendant, the brother and the nephew of the decedent are also party plaintiff or party defendant; there is no question as to persons under disability. The only question under the statute law of Ohio is: Was E. R. Mills, the living brother of the predeceased spouse of this decedent an **heir**

of the decedent, or is he an otherwise "interestd party," and as such a necessary party to this Will Contest?

Counsel for Plaintiff is showing that a person may bring suit to contest will, who would not necessarily be a party defendant, cited but did not rely upon the case of

**Bloor v. Platt, 78 Oh St 46,** 84 N. E. 604 (1908), where in the first paragraph of the syllabus, the Court said:

1. A judgment credit of an heir, who has obtained a lien by levy upon property, which in the absence of a will would be the property of the debtor heir by descent, is a person interested in a will or codicil, within the meaning of §5858 R. S., and therefore has legal capacity to prosecute an action to contest the validity of an alleged will disposing of such property to a person other than such heir.

(Note: §5858 R. S., through various revisions, is now §2741.01 R. C., quoted above.)

The Plaintiff cited two cases, as to beneficiary in a former will, which are:

Kennedy, Exr. v. Walcutt, supra (1928), where in the first paragraph of the syllabus, the Supreme Court says:

1. A person who is a beneficiary under a will has such a pecuniary interest in the estate of the testator as entitled him, under §12079 GC, to contest another alleged will of the same testator which would destroy, reduce or impair his share in such estate.

(Note: §12079 GC, through revisions, is now §2741.01 R. C., quoted hereinbefore.)

The companion case is where the Supreme Court held that such beneficiaries in a former will are not necessary parties defendant in the contest as to a later will; this case is Machovina v. Machovina, supra (1936), where the court in its Per Curiam opinion, there being no syllabus in this case, says:

In **Kennedy, Exr. v. Walcutt, 118 Oh St 442,** 161 N. E. 336, it was held that a beneficiary under a prior unprobated will could maintain an action to contest a later probated will, it was, however, pointed out in the opinion that the contestant could maintain the action only by making out a prima facie case as to the validity of the will under which he claims and that the validity of such will could not be a question for the jury, but a mixed question of law and fact for the court. It does not follow because such beneficiary could maintain an action as contestant that all beneficiaries under prior wills are necessary parties defendant in will contest cases. * * * There is a distinction between §§12079 and 12080 GC. Under the former a "person interested in a will" which has been admitted to probate may contest its validity. This court is content with the interpretation of that section made in Kennedy, Exr. v. Walcutt, supra, but is unwilling to so interpret the words "other interested persons" in §12080 GC, as to require beneficiaries under prior wills to be brought in as indispensable parties defendant. By requiring that prior unprobated wills must be searched out and beneficiaries named

therein made parties defendant, almost insurmountable difficulties would be presented in will contests. Frequently such wills are not discovered until long after the death of the testator and as they are not of record, contestants would have no means of ascertaining their existence in many instances. (Note: §§12079 and 12080 GC, are now §§2741.01 and 2741.02 R. C.)

The Plaintiff in relying upon §2105.06 R. C., as the sole statute that determines the heirs of a decedent, relies upon the case of Holt v. Miller, supra (1938), where the Supreme Court says in 3rd paragraph of syllabus:

3. In its technical sense, the term "heirs" embraces these persons who take the estate of an intestate under the statute of descent and distribution, and in the event such statute designates the widow, she takes as an heir.

And in this opinion, Judge Zimmerman says on page 422: (Emphasis by the writer here).

Since January 1, 1932, there has been but one statute in Ohio pertaining to descent and distribution, designated as §10503-4 GC. It is applicable here, and the pertinent part provides:

When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:—

The cited §10503-4 GC, is now §2105.06 R. C., on which the Plaintiff relies, and the emphasized portion of §10503-4 GC, above, in §2105.06 R. C., reads: "except as otherwise provided in Chapter 2105 R. C." Counsel for Plaintiff overlook the emphasized words, and when Judge Zimmerman says that "since January 1, 1932, there has been but one statute in Ohio pertaining to descent and distribution," undoubtedly he is referring to the situation as it had existed prior to January 1, 1932, when Ohio had many statutes as to descent and distribution, such as:

Sec. 8573 GC.  Order of descent of real estate, title of which came from an ancester.

Sec. 8574 GC.  Order of descent when estate came by purchase.

Sec. 8575 GC.  When real estate to pass to husband or wife; when to next of kin.

Sec. 8576 GC.  When real estate to pass to children of former husband or wife; when to escheat.

Sec. 8578 GC.  Distribution of personal estate.

Sec. 8579 GC.  When personal property to escheat.

Sec. 8592 GC.  Personal estate to which a widow of widower is entitled.

These and some others were consolidated in §10503-4 GC, now §2105.06 R. C.  It will therefore be seen that Holt v. Miller, supra (1938),

does not support the contention of counsel for Plaintiff that §2105.06 R. S., "Statute of Descent and Distribution" is the only section that we can consider, as from the very exception in that statute, the "half-and-half" statute, §2105.10 R. C., comes under the exception, "except as otherwise provided in **Chapter 2105 R. C.**," as §2105.06 R. C., and therefore should also be considered.

_____          _____          _____

Was E. R. Mills "united in interest" with any of the other defendants? There was at one time quite a question under the Will Contest statutes, as to "persons united in interest" under old §11230 GC, which was in the Chapter styled LIMITATION OF ACTIONS, in the sub-Chapter headed "WHEN ACTION BEGUN," which section reads:

Sec. 11230 GC. When commenced. An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or a co-defendant, who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed commenced at the date of the first publication, if it be regularly made.

This section was followed by §11231 GC. When action deemed commenced, within the meaning of this chapter, an attempt to commence an action shall be deemed equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days.

Under these sections, we had some considerable question in Ohio for many years, as to who was and who was not "united in interest," as in **McCord v. McCord, 104 Oh St 274, 135 N. E. 548 (1922),** and in **Draher v. Walters, 130 Oh St 92, 196 N. E. 884, 3 O. O. 121 (1935).** These cases are discussed in **Peters v. Moore, 154 Oh St 177, 93 N. E. (2d) 683, 42 O. O. 254 (1950),** and again in Fletcher v. Bank, Exr., supra.

Whatever may once have been a question (see the dissenting opinions on pages 97-99, in Draher v. Walters, supra (1935), the enactment of the Revised Code states a definite rule:

Sec. 2305.17 R. C. Commencement of action. An action is commenced within the meaning of §§2305.03 to 2305.22 inclusive, and §1307.08 R. C., as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days.

It will be at once noticed that §2305.17 R. C., applied, by specific mention, does not include the sections relating to Will Contest, which are **Chapter 2741—WILL CONTEST. §§2741.01 to 2741.09 inclusive, R. C.**

Whatever questions may have been presented by consideration of the "united in interest" theory, at one time, they can not now be considered, in view of the present §2305.17 **supra,** R. C., and the two cases of Peters v. Moore, supra (1950), and Fletcher v. Bank, Exr., supra (1958).

Every person under the present sections, §§2741.01 and 2741.02 R. C., must be in the case within the statutory six months.

The Ohio rule as to Will Contests is very definite that ALL necessary parties must be before the Court, either as plaintiffs or as defendants within the statutory six months, or the contest is not properly filed, and the case should be dismissed.

The Supreme Court of Ohio has plainly said this in the syllabi of several recent cases upon that particular question as follows:

1. No right exists to maintain an action to contest the validity of a will except as it is specifically provided by statute.

2. The provisions of the statutes relative to an action to contest the validity of a will are mandatory; the enjoyment of the right is dependent upon compliance with the conditions and limitations therein contained. (3, 4 and 5 not copied herein, as not deemed pertinent here.) **Case v. Smith, Admx. 142 Oh St 95, 50 N. E. (2d), 142, 26 O. O. 282 (1943).**

1. In Ohio, the right to contest the validity of a will is statutory.

2. The exercise of that right is subject to the conditions imposed by such statutes.

3. Under the provisions of §12080 GC, all the devisees, legatees, and heirs of the testator, and other interested parties, including the executor or administrator, MUST be made parties to an action to contest a will.

4. Under these provisions, it is mandatory and jurisdictional that the executor be made a party to such action.

5. In such an action the court is without jurisdiction, unless the executor is made a party and a summons, duly followed by service, is issued within six months after the will has been admitted to probate. (6 not copied, as not pertinent herein.) Peters v. Moore, supra (1950), followed in **Bynner v. Jones, 154 Oh St 184, 93 N. E. (2d), 687, 42 O. O. 257 (1950).**

(Note: §12080 GC, referred to above is now §2741.02 R. C.)

1. The provisions of the statutes relative to the right to contest the validity of a will are mandatory, and the enjoyment of the right is dependent upon compliance with the conditions and limitations therein contained.

2. Under the provisions §12080 GC, all the devisees, legatees and heirs of the testator, and other interested persons, including the executor or administrator, MUST be made parties to an action to contest a will.

3. Where, in an action to contest a will brought by three heirs at law of the decedent, the petition names as defendants the sole legatee and devisee, the executrix and three other heirs at law but fails to name numerous other heirs at law necessary to the determination of the validity of the will, and no service of process is sought or secured on any of the defendant heirs within six months after the will has been admitted to probate, the addition as plaintiffs of the heirs at law, who are not included in the petition, and the defendant heirs at law, who are not

served with summons to the action, after the expiration of the statutory period of limitation, does not confer jurisdiction on the court to hear such contest. **Gravier v. Gluth, Exrx., 163 Oh St 232, 126 N. E. (2d), 332, 56 O. O. 228 (1955).**

1. In Ohio, the right to contest the validity of a will or codicil is wholly a creature of statute.

2. The exercise of such right is subject to the statutory conditions precedent that the action "shall be brought" within six months after probate and the interested persons "must be made parties" thereto.

3. Under the mandatory provisions of §§2741.02 and 2741.09 R. C., the interested parties must be so named and made parties within the period of six months. Fletcher v. First National Bank of Zanesville, Exr. supra (decided January 22, 1959).

Thus it is plainly seen that in Ohio, a will contest is no longer purely a proceeding **in rem.**

Probate and contest were originally proceedings in rem, to which parties were not necessary. This view still prevails in a number of states. Contest is treated like a proceeding in rem. It is not necessary in the absence of specific statutory provision therefor to make those who have an interest in the proceeding parties thereto; and it is sufficient to give such notice as is required by local statute. —if the statute requires those who have an interest adverse to the will, to be made parties, the proceeding is said to remain one in rem, but to partake, to some extent, of the nature of a proceeding inter parties.

In a number of states, the original theory of the nature of the contest has been abandoned; it is necessary that all who are interested in the outcome of the proceedings should be made parties thereto; and they must be served either actually or constructively. 2 Page on Wills (Third [Lifetime] Edition) 15102 (Sec. 609).

Ohio is cited as among the States which has abandoned the original theory; California is another state, so cited, altho the statute is somewhat different in California, Probate Code Section 381.

----------      ----------      ----------

It has heretofore been mentioned herein that California has a "half-and-half" statute as to certain property; this was for a long time, Section 1386, sub-division 8, of the Civil Code of California, which upon the general revision in 1931, became Probate Section 228, a slight change being made to conform to the interpretation placed upon the former section in In re McArthur's Estate, 210 Calif. 439, 292 Pac. 469, 72 A. L. R. 1318 (1930). In California, the "half-and-half" statute applies to community property. The application of the statute is well expressed in the cited case, as follows:

A husband dies intestate, leaving his surviving wife and no issue. The whole of such property consists of community property. The whole of such property vests in the widow under section 1401 of the Civil Code. She has full power of disposition over it. But, if she fails to exercise such power, and dies intestate, leaving no issue, an important problem arises; Shall the property accumulated by the joint efforts of both the husband and the wife, go solely to the wife's heirs, merely by reason of the fact that the husband predeceased her? The statute meets the

problem by providing that one-half of the property shall go to certain designated members of the deceased husband's family or their descendants. - - - The provisions of subdivision 8, in so far as they are relevant here, may be briefly summarized. In the first place, the subdivision deals with descent from a widow. Second, it deals with community property which vested in such widow by the death of her husband. Third, it covers a situation where there are no issue of the widow nor children of the deceased husband. The purpose of these provisions is quite obvious. Subdivision 8 does not, of course, limit the testamentary power of the widow as to such property. Thus, the decedent in the instant case had full control over it, and could have deeded it or willed it to her new husband or to any one else. - - - The idea of the community under our statutes is that the whole undisposed estate should go to the survivor, who was, during the lifetime, a member of the community and a contributor to the acquisition of the property. Hence, when the husband dies without making a will, the wife takes the whole. By this special rule embodied in section 1401 of the Civil Code, the deceased husband's share of such property is diverted from his family—parents, brothers and sisters, etc.—to his wife. But, upon the death of the wife. the reason for this special rule disappears, and the statute therefore provides that the one-half of the property representing the former interest of the deceased husband shall go back in the normal line of succession to his family, and not the family of his wife. - - - As to that interest, the wife's parents, brothers and sisters, etc. are definitely excluded, in favor of persons who bear no blood relationship to the wife at all, namely, the parents and brothers and sisters of the deceased husband. The subdivision makes the origin of the property, and not the closeness of the relationship to the wife, the test of succession in the particular situation covered by it. - - - the Legislature intended, in the particular situation covered by subdivision 8, that the origin of the property should indicate the persons to be benefited. Where the property, either in whole or in part, has its origin with the deceased husband, the statute provides that the whole or such part, shall go to the objects of his bounty, not hers.

Present California Probate Section 228 reads as follows: (since 1931):

Section 228. No Issue; Community Property. If the decedent leaves neither spouse nor issue and the estate or any portion thereof was community property of the decedent and a previously deceased spouse and belonged to or went to the decedent by virtue of its community character, on the death of such spouse or came to the decedent from said spouse by gift, descent, devise, or bequest or became vested in the decedent on the death of such spouse by right of survivorship in a homestead or in a joint tenancy between such spouse and the decedent or was set aside as a probate homestead, such property goes in equal shares to the children of the deceased spouse and their descendants by right of representation, and if none, then one-half of such community property goes to the parents of the decedent in equal shares or if either is dead, to the survivor, and if both are dead, in equal shares to the brothers and sisters of the decedent and their descendants by right of representation, and the other one-half goes to the parents of the de-

ceased spouse in equal shares, or if either is dead, to the survivor, or if both are dead, in equal shares to the brothers and sisters of said deceased spouse and to their descendants by right of representation.

This section must be read with the two following sections of the Probate Code:

Section 229. Same. Separate property of deceased spouse. If the decedent leaves neither spouse nor issue, and the estate or any portion thereof was the separate property of a previously deceased spouse, and came to the decedent from such spouse by gift, descent, devise or bequest or became vested in the decedent on the death of such spouse by right of survivorship in a homestead or in a joint tenancy between such spouse and the decedent, such property goes in equal shares to the children of the deceased spouse and to their descendants by right of representation, and if none, then to the parents of the deceased spouse in equal shares, or if either is dead, to the survivor, or if both are dead, in equal shares to the brothers and sisters of the deceased spouse, and to their descendants by right of representation.

Section 230. When next of kin take. If there is no one to succeed to any portion of the property in any of the contingencies provided for in the last two sections, according to the provisions of those sections, such portion goes to the next of kin of the decedent in the manner hereinbefore provided for succession by next of kin.

The California case and statutes have been quoted and cited, because they will later materially assist the Court in determining the question: Was E. R. Mills an heir of Luella Mills? If he was entitled to any right under the Ohio "half-and-half" statute, did he thereby become an heir of Luella Mills, herself, as such was he a necessary party defendant in this law suit?

---

The right to inherit property, or to transmit such property, to heirs, is not an inherent, natural, or common-law right, but is a purely statutory right and subject to legislative control and restriction, which is frequently exercised by the enactment of changes in the law of descent and distribution. 17 O. Jur. 2d 360, Sec. 23.

It also must have been comprehended that the laws of descent and distribution have been constantly subject to change throughout the ages, when, without "the law's delay," the strongest man who happened upon the scene appropriated to himself the things which had been the subject of property in a deceased person. Smith v. Hunter, supra (1912), on page 116.

At common law, one's heirs are the persons who would inherit the real estate by right of blood, but the statutes have enlarged the meaning of the word, and it may include persons not of the blood of the intestate. From Cultice v. Mills, 97 Oh St 112, 119 N. E. 200 (1918).

The term "heirs" or "heirs-at-law" is a generic one which, generally speaking, designates the persons described in the statutes of descent and distribution, although in their original meaning, such terms designated only persons who "inherited," that is, to real property by "descent." 17 O. Jur. 2d, 344, Sec. 8.

Today, the term "heir," "heirs" or "heirs-at-law" in its usual, legal and technical import signifies the person or persons appointed by law under the statute or statutes of descent and distribution to succeed to the estate in case of intestacy, regardless of blood relationship or nature of the property. The terms embrace not everyone who is named in the statutes of descent and distribution, but only those who actually take under such statutes in the situation existing at the death of the ancestor. While the statute of descent and distribution provides for escheat to the state where designated persons do not survive the decedent, this does not place the state in the category of an heir. The term "legal heirs" has a well-known and definite meaning; those upon whom the law would cast the estate. **17 O. Jur. 2d, 346-8, Sec. 10.**

The prerequisites to a right of succession as an heir or next-of-kin are the death of the person from whom the succession is claimed, that the decedent left property of some kind, that he died intestate as to such property, and that the claimant survived the decedent and comes within the classes of persons described in the statutes of descent and distribution, as to the particular situation in which the decedent died.—Except in the case of a posthumous descendant of the intestate, no person can inherit unless living at the time of the death of the intestate. **17 O. Jur. 2d, 384, Sec. 47.**

In its technical sense, the term "heirs" embraces those persons who take the estate of an intestate under the statute of descent and distribution, and in the event, such statute designates the widow, she takes as an heir. Holt v. Miller, supra (1938), 3rd paragraph of syllabus.

In this connection, it must be remembered that in this case, the Court was discussing §10503-4 GC, now §2105.06 R. C., in which there is the exception, already discussed, and therefore, this paragraph of the syllabus must be re-worded:

The term "heirs" embraces those persons who take the estate of an intestate under the Chapter of Descent and Distribution, and in the event, any statute therein, designates the widow, she takes as an heir.

See also: Weston v. Weston, 38 Oh St 473 (1882), Durfee v. McNeil, 58 Oh St 238, 50 N. E. 721 (1898), Miller v. Miller, 77 Oh St 643, 84 N. E. 1130 (1908), affirming 9 O. C. C. (NS) 242, 119 (29) O. C. D. 451.

The Supreme Court of Ohio has said as to the right of persons to bring an action to contest a will:

A person interested, within the meaning of §12079 GC, is one who at the time of the commencement of an action to contest a will, has a direct pecuniary interest in the estate of the putative testator that would be impaired or defeated if the instrument admitted to probate is a valid will. **Chilcote v. Hoffman, 97 Oh St 98, 119 N. E. 364 (1918),** 1st paragraph of syllabus.

Sec. 12079 GC, is now §2741.01 R. C., and under this E. R. Mills would have been so interested that he could have brought an action to contest the will. But does that make him an heir or necessary party under §2741.02 R. C., previously quoted?

Upon the death of the relict all assets constituting his or her estate are his or her property, whether or not they originally came from the spouse first to die. Property inherited by a relict from a deceased spouse

belongs to such relict absolutely and unconditionally. The relatives of a spouse first to die have an interest in the property coming to the relict only in the event that such relict dies intestate without issue and in possession of the identical property. Property inherited by a relict from a deceased spouse, when it later becomes subject to the half-and-half statute, descends from such relict as his or her property and not through him or her as the property of the previously deceased spouse. Accordingly, all such assets are responsible for all the debts of the decedent and in law there is no relationship whatever between the estate of the relict and the estate of the spouse first to die; and inheritance tax exemptions are determined by relationship to the relict and not by relationship to the spouse first to die. **17 O. Jur. 2d, 447-8, Section 115.**

For discussion of the same, under the old statutes of descent and distribution, prior to January 1, 1932, and the old half-and-half statute, §8577 GC, see **Miller v. Shepard, 29 Oh Ap 22, 162 N. E. 788, 6 Abs 572 (Summit County, 1928),** which held:

Property inherited from a deceased spouse under **subdivision 2** of §8574 GC, descends from and not through such surviving spouse, under §8577 GC, upon his or her death intestate.
See also:
Where the relict of a deceased spouse dies intestate without issue, possessed of property which came to such relict from her deceased spouse by descent, such property will descend partially to the heirs of the deceased spouse from and not through the relict of the deceased spouse pursuant to §10503-5 GC. **Caldwell v. Tax Commission, 52 Oh Ap 124, 3 N. E. (2d) 543, 6 O. O. 246, 22 Abs 518 (Trumbull County, 1936).** (Note: §10503-5 GC, is the "half-and-half" statute, now §2105.10 R. C.)
See discussion as to debts, charges and costs of administration relative to identical assets and separate assets, in **Riley, Admr. v. Keel, 84 Oh Ap 313, 85 N. E. (2d) 123, 39 O. O. 468, 53 Abs 257 (1946).**
See the recent case upon this question of **In re Estate of Sherick, 167 Oh St 151, 146 N. E. (2d), 727, 4 O. O. (2d), 141.** (December 1957), where the Supreme Court in the First and Third paragraphs of the syllabus, says:
1. Under the provisions of amended §2105.10 R. C., when a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by deed of gift, devise, bequest, descent, or by an election to take under §2105.06 R. C., such estate, real and personal, except one-half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes.
3. Under the provisions of §2105.10 R. C., where a relict spouse dies intestate without having remarried, leaving no surviving spouse or surviving issue, and possessed of identical property which came to her under the will of her predeceased spouse, the son and only lineal descendant

of the predeceased spouse takes from the relict spouse, his stepmother, and not through her and from the predeceased spouse, his father.

In the instant case, if Luella Mills had died intestate, E. R. Mills would have taken from her, under §3105.10 R. C., and not through her. Does this make him her heir? No Ohio case as above cited has so definitely said.

The real estate that had been owned by Perley B. Mills could have been checked in the Recorder's Office, and if Luella Mills had owned the same tract at the time of her death that came to her under her deceased Husband's will, it would have been readily and easily determined that if she had died intestate, E. R. Mills would have had an interest in this real estate. There was no need to check the Inventories in the two estates to determine this qustion.

However, the California Supreme Court has well discussed the question as to an "heir" when there is a question under the "half-and-half" statute. California says as to what an "heir" is, almost identical to the Ohio Courts.

The heirs of a person are those whom the law appoints to succeed to his property in case he dies without disposing of it by will. Kochstein v. Berghauser, 123 Calif. 681, 687, 56 Pac. 547 (1899), In re Estate of McCrum, 97 Cal. App. 579, 275 Pac. 971 (1929), In re Baird's Estate, 135 Cal. App. 333, 287 Pac. (2d) 365 (1955).

Let us consider a case before the Supreme Court of California in 1918, In re Watts' Estate, 179 Calif. 20, 175 Pac. 415, where the decedent left a will, where after providing for payment of funeral expenses and debts, she gives her property:

Secondly, I hereby give, devise and bequeath all the rest, residue and remainder of my estate wheresoever situate to my heirs and to be distributed to them according to law.

The Court says:

Lydia M. Watts, the decedent, was a widow; she left a large estate, all of which had been community property of herself and her predeceased husband, Nelson Watts. Nelson Watts died intestate.—There was no issue, and no surviving father or mother of either Nelson or Lydia Watts. Lydia M. Watts left brothers and sisters and children of deceased brothers and sisters; the members of this class are the respondents herein. The appellants bear a similar relationship to Nelson Watts. - - -

If Lydia M. Watts had died intestate, one-half of her estate would have passed to the appellants, and the other half to the respondents.—The will gives the residue, virtually the entire estate, "to my heirs and to be distributed to them according to law."

The word "heir" is a technical term, and is used to designate "the persons who would by the statute succeed to the real estate" (or, in California, estate of any kind) "in case of intestacy." Clarke v. Cordis, 4 Allen (Mass.) 466, 480.

- - -

When then, Mrs. Watts, by the second paragraph of her will, gave the residue to her heirs, she adopted, for the purpose of her testamentary disposition, the statute of succession. In designating her "heirs" as the objects of her bounty, she used a word which, by its legal definition, embraced those persons who would, under the terms of Section 1386 of the Civil Code, have taken in the basence of a will. There is no inherent or natural right of inheritance, independent of our statute of succession. Section 1386, which embraces all of that statute material here, affords the only means of ascertaining who are the "heirs" of the decedent. The respondents must rely upon it equally with the appellants, for it constitutes the sole basis for their own status as heirs. It is true that, if the property of the decedent had not been derived from her husband, it would by virtue of the subdivisions other than 8, have passed to her blood relatives alone. But, under the actual facts of this case. subdivision 8 is the governing provision, and under it, the appellants would, in case of intestacy, have succeded to one-half of the estate. That subdivision is as much a part of the law of succession as any other, and those who inherit under it take as heirs of the decedent widow or widower, not as heirs of the prdeeceased spouse. - - -

The testatrix says simply that she gives the residue to her heirs. The further provision that it is "to be distributed to them according to law" only serves to strengthen the conclusions that she was directing that the property should go just as it would have gone under the statute of descent in the absence of any testamentary disposition.

This most interesting case was followed by a most unusual will case, in In re Page's Estate, 181 Calif. 537, 185 Pac. 383 (Supreme Court, 1919), where the decedent, a widow, left no issue, no father and no mother. In her will, after a gift of all to her husband, which failed because he predeceased her, she said:

"In the event that my husband dies before my death, then I give, bequeath and devise one-fourth of the rest, residue and remainder of my estate to his lawful heirs, and the balance, after deducting said one-fourth, to be equally divided among my lawful heirs." - - -

A portion of the property owned by the testatrix at the time of her death was community property of herself and her deceased spouse, and a portion was the separate property of such deceased spouse, and as to other property of the testatrix, - - - there is no finding on the question—. In the absence of a will and issue, the right to succeed to the property of a widow. derived from her deceased spouse, is regulated by section 1386, subdivision 8, of the Civil Code, and as to her separate property acquired before or after the death of the spouse by subdivision 2 or 3 of section 1386. - - - It will be observed. then. that different heirs of the deceased inherit the different classes of property. Her separate property owned by her during the marriage or acquired by her subsequent to the marriage would be distributed in accordance with section 1386. subdivision 3. The common property of the testatrix and her deceased husband would be divided between the relatives of herself and the relatives of her deceased husband. The separate property of the deceased husband would go to his relatives alone. - - - The difficulty of interpretation arises rather from the character of the prop-

erty left by the testatrix and the peculiar provisions of the law governing its succession than from the language used in the will, if the property had been entirely the separate property of the testatrix, or acquired by her subsequent to her husband's death, there would be no difficulty about the provisions of the will. The heirs of the husband would take one-fourth, and the heirs of the wife - - - that is to say, those persons designated in subdivision 3 of section 1386—would take the remaining three-fourths. As the language of the will is plain and unambiguous, the fact that some of the property to be disposed of thereby was community property and some other separate property of her deceased husband, to be distributed under the provisions of section 1386, subdivision 8, is not sufficient to change the interpretation that otherwise should be placed upon the plain and unambiguous terms of the will. In other words, the fact that the undivided one-fourth devised and bequeathed to "his (the husband's) lawful heirs" and the undivided three-fourths of the residue bequeathed and devised to "my (the wife's) lawful heirs" may in whole or in part be distributed to the same persons is not decisive of the question as to who the testatrix intended to designate by the words "my lawful heirs," for she made no attempt to limit or define the term "heirs," leaving that to the law. The separate provision for the lawful heirs of the husband does not deprive them of their rights, if any, as heirs of the wife. - - -

It follows that one-fourth of the residue should have been distributed to the heirs of the deceased spouse, to be determined as of the date of the death of the testatrix; that the remaining three-fourths should be distributed in accordance with the provisions of section 1386, subdivision 8, of the Civil Code, except such portions, if any, as were the separate property of the testatrix, or acquired by her after her husband's death, and as to that portion it should be distributed in accordance with section 1386, subdivision 3, of the Civil Code.

The above two cases are still good law in the State of California, as far as can be found.

Now, in Ohio, we do not have the various classes of property, as above mentioned in California, except that we have a general class of property, and then a very limited class of property that would come under the "half-and-half" statute. Under §2105.01 R. C., there is no distinction between ancestral and nonancestral property, and no distinction between real and personal property. We have the general Statute of Descent and Distribution, §2105.06 R. C., as to how all this property is to go in case of intestacy of the decedent, which Section contains the provision: "except as otherwise provided in Chapter 2105 R. C." Then under the "half-and-half" statute, we have a limited class, who are no relation by blood to the intestate, who inherit one-half of the "identical" property that came from a predeceased spouse, and inherit because of the blood relationship to the predeceased spouse. In other words, this limited class of property, as to one-half thereof, is diverted from the family of the decedent, the relict of the predeceased spouse, to the limited class of the family of the predeceased spouse. The "half-and-half" statute makes the origin of the property, and not the closeness of the relationship of the parties to the decedent, the relict of the predeceased spouse,

the test of succession in the particular situation covered by it. It will be noticed that only a very small class of relatives to the predeceased spouse can inherit, under §2105.10 R. C.; first children of the predeceased spouse; then, if none, to the parents, or survivor, of the predeceased spouse; then, and last, brothers and sisters, whether of the whole or half blood, or their lineal descendants, per stirpes, of the predeceased spouse.

Going then back to 17 O. Jur. 2d, 346, Sec. 10, we find an **heir** is:

Today, the term "heir," "heirs" or "heir-at-law" in its usual, legal and strict and technical import signifies the person or persons appointed by law under the statute or statutes of descent and distribution to succeed to the estate in case of intestacy, regardless of blood relationship or nature of the property.

This Court feels that O. Jur. goes too far in this statement, and the words "or nature of the property" should have been left off, as "nature of the property" does make quite a difference in the descent and distribution, when we consider the "half-and-half" statute, §2105.10 R. C., in view of recent decisions of the Ohio Courts, see In re Estate of Sherick, supra (1957), as hereinbefore cited and quoted.

If Luella Mills had died intestate, leaving "identical property" that came from Perley B. Mills, her predeceased spouse, E. R. Mills would have taken his share of such "identical property" from Luella Mills, and not through her and from his brother, Perley B. Mills.

There is a recent Ohio case along the same lines as the two California cases last cited and quoted; this is a case in Hamilton County, Ohio, Probate Court, January 22, 1951, with opinion by Judge Davies of that Court, which case is **Shook, Exr. v. McConnell, 43 O. O. 403, 59 Abs 358, 97 N. E. 2d 111**, which case is suit in Declaratory Judgment. James H. Ross, the decedent, left a will, providing for payment of debts and funeral expenses, and giving his barbershop to his employees, and then stating:

I hereby give, devise and bequeath all of the balance of my estate, real and personal and mixed, of whatsoever nature and wheresoever the same may be situated, which I may own or have the right to dispose of at the time of my decease, to my heirs, in accordance with the laws and statutes of Descent and Distribution of Ohio in effect at the time of my decease.

In his estate was $4267.00 in cash, the identical cash that came to him as bequest from estate of his wife, who predeceased him about three and one-half months. There were no issue. James H. Ross was survived by sister and three nieces and two nephews, the five being issue of two predeceased sisters and one predeceased brother. At this time, from the family of Mrs. Ross, there was surviving a brother and two nephews, issue of a predeceased sister. The Court discusses cases, several of which are cited herein, and some statutes, and then the Court says:

Applying the above rules of construction and principles of law, it is not difficult to determine the identity of the heirs to whom James H. Ross desired to give the balance of his estate, under the provisions of Item III of his will. When he gave said balance to his heirs, in

accordance with the laws and statutes of descent and distribution of Ohio in effect at the time of his decease, he clearly intended that said balance should be distributed to those individuals who would be entitled to the same in the event he would die intestate. This means that he intended that the $4267.00 which came to him from his wife, should be distributed under the laws of intestate succession of Ohio. Since he died without issue, possessed of this identical case, under the provisions of §10503-5 GC (Note: this is now §2105.10 R. C.), one-half of said sum of $4267.00 remaining after deducting therefrom the proportionate share of the costs of administration and debts chargeable to said sum, shall pass and descend as follows: one-half to the aforementioned brother and nephews of Mary L. Ross, deceased, and one-half to the named sister and lineal descendants of the predeceased sisters and brother of James H. Ross, deceased.

Here, this Hamilton County, Ohio, Probate Court says that persons inheriting under the "half-and-half" statute are heirs. This is the same thing that was said in the California case of "In re Watts" estate, supra, in 1918, that those who take under the "half-and-half" statute; "take as heirs of the decedent widow or widower, and not as heirs of the predeceased spouse." While the Supreme Court of Ohio, in In re Estate of Sherick, supra, in 1957, does not directly state that those taking under the "half-and-half" statute are heirs of the relict of the predeceased spouse, yet it does state the same indirectly and by inference when it says in third paragraph of syllabus:

the son and only lineal descendant of the predeceased spouse takes from the relict spouse, his stepmother, and not through her and from the predeceased spouse, his father.

Whatever may be the result here, this Court agrees with the thought of Judge Stewart, in his dissenting opinion in Fletcher v. Bank, Exr., supra (Jan. 1958), on page 215, when he says:

I have an abiding conviction that, if reasonably possible, procedural statutes should be interpreted so as to permit the trial of causes on their merits rather than to prohibit such trials.

and he further says, as to the dismissal on ground of lack of jurisdiction because an heir was not made a party defendant within the statutory six months:

—the present cause would have had a trial upon its merits rather than being strangled possibly beyond all hope of resuscitation.

Whatever may be the feelings of this Court that this cause should be tried upon its merits, the General Assembly of Ohio, has laid down certain statutory rules as to will contests, and has provided a time limit of six months for the filing of the petition and issuance of summons, and in §2741.02 R. C., has said that the necessary parties are:

All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties - - -

E. R. Mills was more than a person who might come under the heading of "other interested party," he as well as the Plaintiff, Charles E. Bussell, and the defendant, Wallace Bussell, came under the class of "heirs of the testator." He was an heir of Luella Mills, deceased, under §2105.10

R. C., and **paragraph** (C) thereunder, while Charles E. Bussell and Wallace Bussell were heirs of Luella Mills, deceased, under §2105.06 R. C., and **paragraph** (F) thereunder. Both of these sections are part of the Chapter of Descent and Distribution, and neither section has priority over the other and both sections must be considered.

E. R. Mills was a necessary party to this action, and the Motion to Dismiss is well taken and must be sustained.

Counsel for plaintiff will say "how were we to know whether or not E. R. Mills would inherit anything if Luella Mills died intestate." (And in argument, they mentioned the late hearing of the Inventory and Appraisement in this estate.) In this particular case, there was the same real estate—a casual examination of the Recorder's Office records would have disclosed that, in the absence of the Inventory and Appraisement. Perhaps, some "identical property" might not be disclosed until after the statutory six months period for filing the will contest, and there it could not be possibly known that some one under the "half-and-half" statute would inherit.

There are only a few classes under the "half-and-half" statute, where there is a relict of a predeceased spouse, who dies without issue. Here Luella Mills died testate, but for the purpose of a will contest, we must consider her possible heirs as if she had died intestate. (The same is true of any other relict of a predeceased spouse, as the statement and rule must be made general.) Any person who might inherit under the "half-and-half" statute, if the relict died intestate, should be made a party defendant (or plaintiff), along with all other parties necessary, in a suit to contest the will of such relict. In this particular case, there was only one person who would inherit under the "half-and-half" statute, who was E. R. Mills, and he was not either plaintiff or defendant in this action, and there was a defect of parties.

Under the Rule of Law laid down prior to 1943, but again re-stated in Case v. Smith, Admx., supra (1943), Peters v. Moore, supra (1950), Bynner v. Jones, supra (1950), Gravier v. Gluth, Exrx., supra (1955), Fletcher v. Bank, Exr., supra (January, 1958), there being a defect of statutory parties herein, this Court is without jurisdiction to hear this matter.

The motion of the two defendants herein is well taken, the motion is sustained, and this action shall be forthwith dismissed. Proper entry to be drawn by counsel for the two defendants, Raymond W. Cline, Executor under the Last Will and Testament of Luella Mills, deceased, and Wallace Bussell.