108 A., 426. See 29 Corpus Juris Secundum, 1257, Section 271, and cases cited.

We find no prejudicial error in the record relative to the admission of evidence.

It is urged that the verdict is not sustained by the evidence and is contrary to the manifest weight of the evidence. There was evidence submitted on the question whether all the lots constituted a single tract, and on the question of value of the lots taken and, also, as to damages to lots 5, 6 and 7. There was a wide diversity of opinion expressed by the witnesses as to values and damages. Whether upon the theory that the trial judge was correct in submitting the matter to the jury under the instructions given, or upon the theory expressed by this court, we cannot conclude that the verdict is not sustained by the evidence or that it is contrary to the manifest weight of the evidence.

For errors in the charge the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

MILLER, P. J., and HORNBECK, J., concur.

ROBERTS, APPELLANT, *v.* JONES ET AL.; RADEBAUGH, APPELLEE.

(No. 257—Decided September 28, 1949.)

*Messrs. Shumaker, Loop, Kendrick & Winn, Mr. Robert C. Dunn* and *Messrs. Silbaugh & Silbaugh,* for appellant.

*Messrs. Drinkle & Martin,* for appellee.

MONTGOMERY, J. On February 4, 1924, William R. DeLay, being the owner in fee simple of certain real estate in the city of Lancaster, executed and delivered a deed therefor to his wife, Laura E. DeLay. However, there had been deleted from the granting and habendum clauses of that deed the words, "heirs and assigns forever." This deed was executed before the enactment of Section 8510-1, General Code, which

provides that the use of terms of inheritance or succession shall not be necessary to create a fee simple estate. Therefore, by this deed there was vested in Laura E. DeLay a life estate, with the reversion in her husband, the grantor.

William R. DeLay died intestate September 22, 1936, leaving more than enough personal property to pay the debts of his estate and the costs of administration, and leaving his widow and the appellee, Louise Radebaugh, his only child and heir at law.

At his death, therefore, there was vested one-half of this reversionary estate in the widow and one-half in his daughter, under and by virtue of the provisions of Section 10503-4, subsection 2, General Code.

On October 8, 1936, the widow and the daughter entered into a written contract, which provided as follows:

"This agreement by and between Laura E. DeLay and Louise Radebaugh, both of the city of Lancaster, witnesseth:

"That whereas, Wiliam R. DeLay died intestate on September 22, 1936, leaving an estate of both real and personal property and also leaving the said Laura E. DeLay as his widow or spouse and the said Louise Radebaugh as his only child and heir at law, and

"Whereas, it is desired by and between the parties hereto that a distribution of said estate shall be made in accordance with their wishes and desires, and it is therefore

"Mutually agreed by and between the parties hereto:

"(1) That the said Laura E. DeLay shall be appointed administratrix of the estate of the said William R. DeLay and proceed with the settlement of the same according to the laws of the state of Ohio, and the said Laura E. DeLay shall pay all the debts and ex-

penses of said estate in the settlement thereof, and

"(2) That the said Louise Radebaugh shall receive as and for her full interest in said estate the undivided one-half interest in and to the entire real estate known as the Fairfield Builders Supply Company, and the note of Arthur Radebaugh in the sum of eight thousand dollars ($8,000), and upon the receipt of the same the said Louise Radebaugh shall execute and deliver a full release and aquittance to the said Laura E. DeLay of her entire interest in said estate; and the said Laura E. DeLay shall have and hold as her own separate property all the remainder and balance of said estate whatsoever, of any kind or description.

"(3) The said Laura E. DeLay agrees to sell to the said Louise Radebaugh the other undivided half of said real estate known as the Fairfield Builders Supply Company in West Lancaster, Ohio, for the sum of five thousand dollars ($5,000) cash, to be paid upon the execution and delivery of a proper deed thereof, subject to and excepting all taxes and special assessments against said property due and payable in December 1936 and thereafter, which the said Louise Radebaugh assumes and agrees to pay, and the said Louise Radebaugh agrees to purchase said property upon said terms and pay the purchase price thereof as herein provided.

"(4) Each of said parties agree to execute the necessary papers, releases, waivers, documents and whatever other papers may be required to carry this agreement into effect."

The construction of this contract, and the effect given thereto, determine the result of this lawsuit.

Laura E. DeLay did not remarry and died intestate and without issue on October 21, 1943.

The original plaintiff in this action, the substituted plaintiffs and the defendants, other than Mrs. Rade-

baugh, individually and as administratrix, and Colonel Silbaugh, as administrator, are the next of kin of Laura E. DeLay. It is agreed that the pleadings and record show clearly their respective interests in this property, if any interests they have.

Upon submission of the case, the trial court made a finding that the defendant, Louise Radebaugh, is the sole owner of the whole of such real estate in fee simple, and dismissed the petition.

From that order of the court this appeal was perfected to this court on questions of law.

There are a few suggestions to be made with reference to questions raised in briefs, before a discussion of the merits of this case.

Counsel on both sides use rather carelessly the terms, "ancestral" property and "nonancestral" property. The distinction between them was eliminated by Section 10503-1, General Code, effective January 1, 1932. These terms, however, in the course of the briefs seem to have been used more or less interchangeably with the terms, "estate by inheritance" and "estate by purchase." These latter terms and their application will be discussed hereinafter.

Counsel for appellant argue in both the brief and reply brief that there has been no attempt by the appellee to rescind or reform this contract. This is of no particular consequence, but there are a number of suggestions which could be made in response to this argument, to wit:

The appellee claims nothing under this contract, but claims that it is altogether ineffective so far as this real estate is concerned, and that the same was not included in the provisions thereof. If it were claimed that there was a mistake, then, doubtless, the argument would be presented that the mistake was one of law from which there could be no relief by reformation or rescis-

sion. Furthermore, it is conceivable that, with one of the parties to the contract dead, and the other, consequently, disqualified from testifying, there might be no competent evidence to sustain the proposition that there had been a mistake, if any did in fact exist.

The question before us is, as stated, the effect of this contract, for without it this whole estate would unquestionably be vested in Louise Radebaugh.

As to the undivided one-half of this property, we encounter no difficulty. Upon the death of William R. DeLay it vested in fee simple in his widow. In that undivided one-half the daughter then at that time had no interest. All she agreed to do in this contract was "execute and deliver a full release and acquittance to the said Laura E. DeLay of *her entire interest* in said estate." (Emphasis added.) She did not agree to convey to her stepmother something which did not belong to her, in which she had no interest and which in fact belonged to the stepmother exclusively. However, upon the death of Laura E. DeLay, this undivided one-half, under the laws of Ohio, passed directly to Louise Radebaugh and she took the same from Laura E. DeLay and not from her father, William R. DeLay. This is clearly the case under the provisions of Section 10503-5, General Code, which, so far as applicable, reads:

"When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse, by deed of gift, devise, bequest or descent, or by virtue of an election to take under the statute of descent and distribution, then such estate, real and personal, except one-half thereof which shall pass to and vest in the surviving spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or

personal property came, or their lineal descendants, per stirpes.''

As to this undivided one-half interest, therefore, we hold that the title is vested in Louise Radebaugh, and that as to such undivided one-half the judgment of the lower court was correct and must be affirmed.

As to the other undivided one-half, we are forced to come to a different conclusion, and this we do rather reluctantly, because it is quite conceivable that in spite of the language of this contract the parties did not intend to include this particular real estate, and, further, because of the instinctive feeling that this real estate should descend to the daughter, rather than to the collateral heirs of the deceased widow.

However, we are forced to the conclusion that this contract, properly construed, was such as to divest Louise Radebaugh of the interest in such reversion which came to her upon the death of her father, because she agreed upon a release and acquittance ''of her entire interest in said estate.'' And this undivided one-half of this estate in reversion clearly was a part of her interest in ''said estate.'' And following that conclusion, that the effect of this contract was to vest the title of Louise Radebaugh's undivided half in Laura E. DeLay, we must add the conclusion that this vesting in Mrs. DeLay gave to her an estate by purchase and not one by inheritance.

The contract was not like an ordinary action in partition, where the parties seek to separate their joint interests and hold the same in severalty. Here was a contract for mutual conveyances and mutual releases of obligations and additional payments of money. The widow agreed to pay all the debts and expenses of the estate. She agreed to the surrender of a note of $8,000, evidently owed to the estate by the husband of Louise Radebaugh. These things were a

part of the consideration for the vesting of the title in the widow, and in our judgment the only proper construction of this contract and its various terms is that the effect was to place this title in the widow, and, as the title to the widow came not from William R. De-Lay, but from Mrs. Radebaugh by purchase, it follows that, as to this undivided one-half, the heirs at law of Laura E. DeLay inherit the same and are entitled to partition of this real estate and to the proceeds of the undivided one-half in proportion to their respective interests.

As to the one undivided one-half of such real estate, the judgment of the lower court is affirmed, and, as to the other one-half interest, the judgment is reversed, and this cause is remanded for further proceedings.

*Judgment affirmed in part and reversed in part.*

McClintock and Putnam, JJ., concur.