KLUEVER et, Plaintiffs-Appellants, v. CLEVELAND TRUST COMPANY et, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25403.   Decided March 23, 1961.

*Mr. Charles C. Redmond* and *Mr. Owen C. Neff*, for plaintiffs-appellants.

*Mr. Ellis V. Rippner, Mr. Anthony R. Fiorette* and *Mr. Virgil Mills,* for defendants-appellees.

(HUNSICKER, J., DOYLE, J., of the Ninth District, and GRIFFITH, J., of the Seventh District, sitting by designation in the Eighth District.)

GRIFFITH, J.  This is an action to contest the will of Rena S. Limbach, and is before this court on questions of law.

It was tried before a jury on the petition of six plaintiffs and the answer of various defendants and the evidence.  In the course of trial it developed that Melville G. Limbach, deceased, husband of Rena S. Limbach, was at the time of his decease seized of a fee simple title in and to an undivided one-half interest in two parcels of real estate in Cuyahoga County and complete ownership of a Lincoln automobile.  That by his last will admitted to probate in Cuyahoga County this very property became the property of the decedent's wife, Rena S. Limbach, and that Rena S. Limbach, surviving spouse of said Melville G. Limbach, died on the nineteenth day of September, 1958, seized of the identical property, to-wit the identical Lincoln automobile and the identical real estate, being an undivided one-half interest in the two parcels of land passing to her under the will of her said deceased husband; and further that Melville G. Limbach and Rena S. Limbach both died without leaving any issue of their said marriage.

It was stipulated that Melville G. Limbach died leaving surviving him Lawrence Limbach, a son of his former marriage, and that at least one of the plaintiffs, Frank Stanforth, at the time of the filing of the petition knew of this son and of his relation to Melville G. Limbach and knew that he lived in California.

Lawrence Limbach was not made a party to the proceedings to contest Rena S. Limbach's will.  When this fact was clearly established in the trial both by the evidence and by

stipulation the defendants moved to dismiss the action because of failure to make a son of the predeceased spouse of decedent a party within the statutory six months from the probate of the will of the deceased, the basis of the motion being the "half and half" statute—Section 2105.10, Revised Code. The court sustained this motion and dismissed the petition for want of jurisdiction.

In a will contest action all necessary parties must be before the court either as plaintiffs or defendants within the statutory six months or the contest is not properly filed and the case should be dismissed (Sections 2741.01 and 2741.02, Revised Code).

The question presented to this court is this: Is a person who would inherit under the half and half statute (Section 2105.10, Revised Code) a necessary party in the contest of a will of a deceased relict where there is evidence that there are former wills of such relict?

It has been held repeatedly that an unprobated will is wholly inoperative in Ohio for any purpose whatever. (*Petitt* v. *Morton*, 28 Ohio App., 227.)

The "half and half statute" (Section 2105.10, Revised Code), reads:—

"When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by deed of gift, devise, bequest, descent, or by an election to take under Section 2105.06, Revised Code, such estate, real and personal, except one half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. If there are no children or their lineal descendants, such estate, except for the one-half passing to the surviving spouse of such relict, shall pass and descend as follows:

"(A) One half to the other heirs of such relict as provided by Sections 2105.01 to 2105.09, inclusive, and 2105.11 to 2105.21, inclusive, Revised Code, and in the same manner and proportions as if the relict had left no surviving spouse;

"(B) One half to the parents of the deceased spouse from whom such real estate or personal property came, equally, or the survivor of such parents;

"(C) If there is no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of such deceased spouse, or their lineal descendants, per stirpes:

"(D) If there are no children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, no parent and no brothers or sisters, whether of the whole or of the half blood, or their lineal descendants, who survive such relict, then this section shall not apply and all such real estate and personal property shall pass and descend as provided by Sections 2105.01 to 2105.09, inclusive, and 2105.11 to 2105.21, inclusive, Revised Code."

Lawrence Limbach is involved in this case not as a stepson nor as an heir of Melville G. Limbach through his stepmother, but he inherits under the half and half statute directly from his stepmother.

In support of this statement, the Supreme Court in *In re Estate of Sherick*, 167 Ohio St., 151 (1957), in construing Section 2105.10, Revised Code, held:

"Under the provisions of Section 2105.10, Revised Code, where a relict spouse dies intestate without having remarried, leaving no surviving spouse or surviving issue and possessed of identical property which came to her under the will of her predeceased spouse, the son and only lineal descendant of the predeceased spouse takes from the relict spouse, his stepmother, and not through her and from the predeceased spouse, his father."

When Rena S. Limbach died Lawrence Limbach became vested with title to this property in accordance with the terms of the statute, and the title remained in him until it was proved and determined that there was a will executed by Rena. At the time of her death there was no will established nor proven, and title in the meantime vested in him subject to being divested at a later date.

We hold that Lawrence Limbach was an heir of his stepmother by virtue of the half and half statute, and was a necessary party to the action in the instant case.

The trial court sustained the motion of the defendants for dismissal of the plaintiffs' petition on the authority of *Fletcher* v. *First National Bank of Zanesville*, 167 Ohio St., 211, and the case of *Garvier* v. *Gluth*, 163 Ohio St., 232. We might add that the case of *Bussell* v. *Cline*, 82 Ohio Law Abs., 331, though a common pleas court case, is a well analyzed opinion and supports the ruling of the trial court.

The motion of the defendants in the instant case was well taken and properly sustained, and the judgment of the trial court in dismissing the appeal for want of jurisdiction is affirmed.

If the trial court had no jurisdiction as we here hold, the other errors assigned are of no moment.

Judgment affirmed.

HUNSICKER, P. J., and DOYLE, J., concur.