Kaczenski, Exr., Appellant, *v.* Kaczenski et al., Appellees.

(No. 1543—Decided December 14, 1962.)

*Mr. David A. Dull,* for appellant.
*Mr. D. J. La Polla* and *Messrs. Sieman, Sieman & Sieman,* for appellees.

France, J. This appeal is from a judgment of the Probate Court of Trumbull County denying the petition of plaintiff-executor to sell lands to pay debts of the estate. The single error claimed is that the judgment is contrary to law.

On May 5, 1958, the will of Joe Kaczenski was admitted to probate. It named the plaintiff as executor and devised and bequeathed the entire estate to his widow, Frances Kaczenski, one of the appellees herein. The entire assets of the estate consisted, so far as was then known, of an undivided one-half interest in a 100-acre farm (Frances being the owner of the remaining one-half interest) and miscellaneous equipment valued at $625. Less than one month later, on June 3, 1958, the executor filed an application for a certificate of transfer, reciting that all debts, including funeral expenses and costs of administration, had been paid by the widow, and asking for transfer of the real estate to her. A certificate of transfer was issued.

Thereafter, the widow, Frances Kaczenski, transferred, by quit-claim deed, her interest in the land in question to a daughter, Anna H. Marks, reserving a life estate to herself, and subsequently executed a lease to a son, Charles Kaczenski, for a period co-extensive with her life estate. The widow brought an action to set aside the deed for the remainder interest, which case was tried in the Trumbull County Common Pleas Court. The trial court, finding valuable consideration for the deed, re-

fused to set the same aside, and judgment for the transferee was subsequently affirmed by this court.

Claim made by the petition to sell to pay debts is that, since the widow's allowance of $2,600 was not paid to her, after transfer to her of the entire personal assets known at the time ($625), there remained $1,000 due her on the allowance of property exempt from administration and that debts in the amount of $1,000, presumably including the funeral bill which was paid by the widow, all remain unpaid.

The trial court found that in accepting the real estate, which constituted all the assets of the estate then known, as devisee of the land, Frances Kaczenski waived her right as widow to payment of the year's support and that there were therefore no debts owed by the estate. The journal entry giving effect to this finding was silent on the question of waiver of payment of balance of the year's allowance and of reimbursement for the funeral bill paid. It did find, however, that there were then no debts owed by the estate.

We are not disposed to quarrel with the proposition that a sole heir or devisee, who also holds claims against the estate, by accepting transfer of all its assets, necessarily waives payment of the claims. In *In re Estate of McDermott*, 13 O. D., 390, it was pointed out, at page 397:

"* * * It is true that the widow's allowance and costs of administration are debts of the estate, but in such a case as this the estate of which she was the sole owner was burdened only by her own rights as widow and as administratrix. She was then a creditor of herself. In discharging these obligations to herself she must pay herself out of that which was already hers, involving merely a transfer of her property from one pocket to the other.

"The court is of the opinion that the debts of an estate which the statutes require the payment of before the heir may enjoy his inheritance are such obligations of the deceased or of his estate *as are antagonistic to the heir, and which, when paid, diminish pro tanto the amount which he would otherwise receive.*" (Emphasis added.)

The waiver of payment by accepting property is so complete that the property once accepted as transferred cannot be considered as burdened with the claims of the widow for the

purpose of making allowance for them when it later passes under the "half and half" statute. *Riley, Admr., v. Keel,* 84 Ohio App., 313. In passing on this precise question, the Court of Appeals of the First Appellate District observed, at page 318:

"The widow was entitled to her allowance. Either she, in effect, waived them, which she could do, or waived the advancement she made, in order that they might be paid to her.

"* * * *

"The widow must be presumed to have known the effect upon the 'identical' property, when, in preference to selling same, she advanced sufficient funds to satisfy her personal claim against the estate of her deceased husband."

Entirely apart from the question of waiver, it appears to us that under these circumstances, whether the widow is or is not the fiduciary, a merger of the claims in the property transferred has taken place. The claims of Frances Kaczenski whether for year's allowance, for balance of assets exempt from administration or for reimbursement for debts paid by her were, in effect, liens against the real estate passing under the will. No other source of payment was available. Frances Kaczenski was entitled to have the land sold for the payment of these liens. She was also, as devisee, entitled to the land, subject to payment of the liens.

"As a general rule the acquisition of the fee in the land by the owner of the lien thereon results in a merger extinguishing the lien except where an intent to the contrary is shown or where such a merger is against the interest of the owner of both estates." 53 Corpus Juris Secundum, 865, Section 17 (5).

Since in this case there were no intervening equities of other claim holders, no other devisees, no claimants to the property, and no prospect of application of the half-and-half statute (six living children of the decedent and Frances), it is difficult to see how any claim could be advanced that merger would be against either interest of the widow, Frances Kaczenski.

The executor contended strenuously in oral argument that he would remain personally liable on his bond for payment of the allowances, since payment has never affirmatively been waived. This contention, if it ever had merit after the widow received the property and dealt with it as entirely her own, is completely disposed of by her verified answer filed in this proceeding.

In her first defense the widow denies all recitations of the petition, including the recitations that the year's support was not paid, that there is still due her $1,000 on the property exempt from administration, or that there were $1,000 in valid debts.

In her third defense she recites: "Defendant, for want of information, says that there are adequate funds in the estate to pay the true debts thereof without necessity of selling the real estate to pay debts." She concludes with a prayer that the petition to sell be dismissed.

If there ever was any question that she waived payment, or that a merger of interests was effected, it was settled by this answer which is a complete disclaimer. The filing of this answer alone justified dismissal of the petition, then and there.

The judgment of the Probate Court of Trumbull County is affirmed.

*Judgment affirmed.*

BROWN, P. J., and DONAHUE, J., concur.