CHUPP *v.* TOMAS.

205

(No. 669075—Decided May 9, 1966.)

Probate Court of Cuyahoga County.

*Messrs. Direnfeld & Green,* for plaintiff Robert J. Chupp.

*Mr. Nicholas Major,* for defendants, John Tomas and Elizabeth Csabina.

*Mr. Nicholas Major* and *Mr. Russell N. Chase,* for defendants Elizabeth Csabina, Alzbeta Tamasova, Margarita Sakalova, Alzbeta Majorosova and Julia Plaunicka.

*Messrs. Sindell, Sindell, Bourne, Markus, Stern & Spero,* for defendants Alzbeta Tamasova, Margarita Sakalova, Alzbeta Majorosova and Julia Plaunicka.

*Mary Kathryn Ryan* on behalf of trustee for suit for unknown heirs, legatees, devisees, administrators, executors and assigns of Julia Chupp.

ANDREWS, Chief Referee. This is a declaratory judgment action brought by Robert J. Chupp, the son and only child of John Chupp. It involves problems relating to the so-called "half-and-half" statute, Section 2105.10, Revised Code.

Most of the facts are of record. In addition, the parties have filed a stipulation of facts.

John Chupp died testate on February 13, 1955, owning an undivided one-half interest in two parcels of real estate. He owned no other property. Julia Chupp (also known as Julia Csupp) was his surviving spouse, and the sole legatee and devisee under his will. She thereby became the owner of John Chupp's undivided one-half interest in the two parcels. She was also the executrix of his estate.

Pursuant to the inventory filed in and approved by this court in the administration of John Chupp's estate, Julia Chupp was allowed $3,500 for her year's allowance under Section 2117.20, Revised Code, and $2,100 for her statutory exemption under Section 2115.13, Revised Code. In addition, she defrayed the expense of John Chupp's funeral in the amount of $2,167.78, making a total of $7,767.78 for the three items.

During the administration of the estate of John Chupp, his executrix, Julia Chupp, filed no accounts. However, on March 10, 1956, she filed, as executrix, a final statement, in which she declared:

"That there are no debts against the estate of John Csupp and that all of the real estate belonging to said estate have (*sic*) been transferred to her as sole beneficiary under the terms of the Last Will and Testament of said John Csupp.

"Affiant further states that all of the costs of administration including attorney's fees have been fully paid."

John Chupp and John Csupp are one and the same person.

The final statement was approved, and the estate was closed.

Robert J. Chupp is the "surviving son and sole heir of John Chupp" (Stipulation p. 2). Julia Chupp died intestate on December 5, 1964, and Robert J. Chupp (her stepson) was appointed the administrator of her estate. After John Chupp's death, Julia did not remarry, nor did she ever have any children of her own.

At the time of her death, Julia Chupp owned the identical undivided one-half interest in the two parcels of real estate received by her under her husband's will. She also owned the remaining undivided one-half interest in the two parcels, but that interest is not involved in this litigation.

Figuring from the inventory and appraisal, it appears that an undivided one-half interest in Parcel No. 1 is valued at $3,500, and in Parcel No. 2 at $8,000, making a total of $11,500.

At the commencement of the present action, Julia Chupp's only heirs were her brother, John Tomas, and her sister, Elizabith (or Elizabeth) Csabina, both of whom resided in "Slovakia." During the pendency of the action, John Tomas died, leaving as his heirs four children, all living in "Slovakia."

Plaintiff contends that under Section 2105.10, Revised Code (the half-and-half statute), he is entitled to inherit and receive title to the undivided one-half interest in the two parcels, and he asks this court to so declare.

Defendants, the heirs of Julia Chupp, contend that plaintiff is entitled to only one-half of the undivided one-half interest in the property; in other words, to only an undivided one-fourth interest in each parcel.

Defendants contend also that the $7,767.78 referred to above, representing Julia Chupp's year's allowance and statutory exemption, and the payment by her of her husband's funeral expenses, should be adjudged a lien in favor of defendants against plaintiff's undivided interest in the property. With this contention, plaintiff disagrees. He denies that any claim or lien exists against the property. He argues that Julia Chupp waived her right to her year's allowance and statutory exemption and to her claim for reimbursement for the payment of John Chupp's funeral expenses.

With reference to the first issue, it is clear that plaintiff is entitled to an undivided one-half interest in the two parcels of real estate, rather than to an undivided one-quarter interest. The pertinent part of Section 2105.10, Revised Code, reads:

"When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by * * * devise * * *, such estate, real and personal, except one half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came * * * If there are no children or their lineal descendants, such estate, except for the one-half passing to the surviving spouse of such relict, shall pass and descend as follows:"

Inasmuch as Julia Chupp left no surviving spouse or issue, the undivided one-half interest received by her under John Chupp's will goes to Robert J. Chupp, the plaintiff, who is John Chupp's only child. The very language of the second sentence quoted above (which is followed by the lines of descent from which the statute derives its "half-and-half" name) shows that it is inapplicable if there are children of the first deceased spouse.

In his reply brief, counsel for the defendants concedes that an undivided one-half of the property came to Julia Chupp through her deceased spouse's will. Counsel then concludes that under the half-and-half statute, only one-half of the one-half comes to plaintiff. But this completely overlooks the quoted language of the statute. Perhaps counsel is confused by the clause "except one half thereof which shall pass to and vest in the surviving spouse of such relict." Had Julia Chupp remar-

ried and left a spouse surviving her, that spouse would have received one-half of the undivided one-half interest, and Robert J. Chupp the other one-half of the undivided one-half interest. It is the surviving spouse *of the relict* who is entitled to the one-half, and where there is no surviving spouse of the relict, the child of the previously deceased husband takes all of the "identical" property owned by the relict. The matter is well put in a recent law review article.

"* * * the key to a proper understanding of the statute is gathered from its purpose to protect the children of a deceased spouse who had transferred property to a relict without consideration. These (and their issue) are the primary beneficiaries of the statute, and if the relict or intestate died without leaving issue or a surviving spouse, they take all the identical property." Carmack, Common Problems in Administration of Decedents' Estates, 14 Cleveland-Marshall L. Rev. 179 at 183-184 (1965). See also Merrick-Rippner, Ohio Probate Law, Text 25 (14), Example No. 6 (1960), presenting the same situation as that in the instant case.

Plaintiff's brief refers to *In re Estate of Sherick* (1957), 167 Ohio St. 151, 146 N. E. 2d 727. Defendants claim that this case is not germane to the issue. I do not agree with them. In the *Sherick case,* Abram L. Sherick died testate in 1917. Under his will the sole legatees and devisees were Elsie C. Sherick, his second wife, and two sons of his first marriage, who were his only lineal descendants, heirs at law, and next of kin. One son died in 1947, intestate and without heirs or next of kin except for his brother. In his will, Abram L. Sherick devised certain realty to his second wife, Elsie, and she retained this identical realty until her death approximately thirty-eight years later. She did not remarry and she left no will. "Hence," wrote Chief Justice Weygandt in an opinion concurred in by the whole court, "the identical realty descended to Clyde C. Sherick (the surviving son of Abram L. Sherick) under the amended provisions of Section 2105.10, Revised Code, the so-called half-and-half statute * * *."

The opinion then quotes the pertinent part of the statute, and the first paragraph of the syllabus restated it as the decision of the court. The syllabus paragraph must be taken

in connection with the remarks quoted above from Chief Justice Weygandt's opinion, and with the facts of the case, which in substance are exactly like the facts in the case under consideration.

In paragraph three of the syllabus, the court holds that under the circumstances of the case, as given above, "the son and only lineal descendant of the predeceased spouse takes from the relict spouse, his stepmother, and not through her and from the predeceased spouse, his father." The issue there related to the Ohio inheritance tax, the court holding that since Clyde was a stranger in blood to his stepmother, his succession "should have been taxed in the fourth class as provided in Section 5731.12, Revised Code."

The fact that the chief point related to the inheritance tax in no way detracts from the court's decision about the meaning of Section 2105.10, Revised Code. Nor does the second paragraph of the syllabus, holding that under Section 2105.01, Revised Code, there shall be no difference in intestate succession between ancestral and nonancestral property, modify in any manner the court's interpretation of the half-and-half statute. The *Sherick case* supports my conclusion that plaintiff takes the entire undivided one-half interest in the two parcels. And even without any court decision, the language of the statute requires this conclusion.

An old form of the statute is helpful to an understanding of its meaning. In Section 8577, General Code (1926), it is provided that under the factual situation present in the instant case,

"* * * such estate, real and personal, shall pass to and vest in the children of such deceased husband, or wife, or the legal representatives of such children. If there are no children or their legal representatives living * * *."

Thus, under the old form of the statute, no provision was made for the surviving spouse of the relict, and the children of the first spouse to die took all of the "identical" property upon the death of the relict. Under the amendment of the statute, providing a one-half share for the surviving spouse of the relict, it is evident from the legislative history of the statute that if the relict leaves no spouse surviving, all the

"identical" property goes to the children of the deceased spouse from whom the property originally came, or their lineal descendants.

A number of Ohio cases in addition to *Sherick* confirm this position. I will not burden this opinion by analyzing and discussing them. In some instances, the point which we are discussing was not the main issue. But they all take the same view of the half-and-half statute. See *McColm* v. *Orebaugh* (1931), 40 Ohio App. 238; *Roberts* v. *Jones* (1949), 86 Ohio App. 327; *Kluever* v. *Cleveland Trust Co.* (Cuyahoga App. 1961), 86 Ohio Law Abs. 79, affd., 173 Ohio St. 177 (1962); *In re Estate of Allen* (Cuyahoga Prob. Ct. 1933), 31 Ohio N. P. (N. S.) 151; *Battista* v. *Feihl* (Cuyahoga Prob. Ct. 1963), 91 Ohio Law Abs. 391.

On the first issue, therefore, I hold that under the provisions of Section 2105.10, Revised Code, an undivided one-half interest in each of the two parcels passes to and vests in the plaintiff, Robert J. Chupp.

We come, then, to the second issue. As already mentioned, the defendants contend that the $7,767.78, representing Julia Chupp's year's allowance and statutory exemption, and the payment by her of her husband's funeral expenses, should be adjudged a lien against plaintiff's undivided interest in the property, in favor of the defendants. The theory appears to be that such items do not come to the relict from the deceased spouse by deed of gift, devise, bequest, or descent, as required by Section 2105.10, Revised Code.

Assuming for the moment that Julia Chupp actually received the payments in question, it is clear that they would not have come to her in any of the ways indicated above. I will consider each item separately.

As to the year's allowance, Section 2117.20, Revised Code, provides that the appraisers shall set off such allowance, and under Section 2117.25 (C), Revised Code, it is a debt of the estate. Inasmuch as it is a debt of the estate, payable to the relict, it obviously does not come to her by deed of gift, devise, bequest, or descent.

The same is true of the statutory exemption allowed by Section 2115.13, Revised Code. Julia Chupp did not select any of the personal property as permitted by the statute, but

she was allowed $2,100, and in accordance with the statute this sum of money became a charge in her favor on all the property belonging to the estate, "prior to the claims of all unsecured creditors of the deceased or of the estate." Moreover, by Section 2115.14, Revised Code, this money was not even includible in the inventory required by Section 2115.02, Revised Code, but was to be stated in a separate schedule.

When we turn to the $2,167.78 which Julia paid for John Chupp's funeral expenses, we find that by Section 2117.26, Revised Code, she was entitled to reimbursement. Had she been reimbursed, this would not constitute money coming to her by deed of gift, devise, bequest, or descent, and therefore the half-and-half statute would not apply to it.

As to the year's allowance and statutory exemption, see, among other cases, *Miller* v. *Miller* (1934), 49 Ohio App. 220, affd., 129 Ohio St. 230 (1935); *Russell* v. *Roberts* (1936), 54 Ohio App. 441. And see 17 Ohio Jurisprudence 2d, Descent and Distribution, Section 122 (1956).

However, plaintiff argues that Julia Chupp waived her right to her year's allowance, her statutory exemption, and her claim for reimbursement for the payment of John Chupp's funeral expenses. Although defendants, in their brief, concede that "perhaps" the plaintiff's argument represents the better view, I will nevertheless consider the point.

It will be recalled that John Chupp owned no property other than his undivided one-half interest in the two parcels of real estate, and that Julia Chupp, as the sole devisee under his will, became the owner of his interest therein. Julia Chupp did not in fact receive payment for the above claims. And her final statement, as executrix of John Chupp's estate, recited that there were no debts against the estate. This shows that she preferred to take the property devised to her rather than to sell part of it and, as executrix, pay to herself as an individual the three obligations set forth above. In other words, she waived her three claims against the estate. Probably she did so in order to preserve the property and save the expense and trouble of a land sale proceeding. Whatever her reason, there is nothing in the law prohibiting her from taking this action. She certainly owed no duty to possible future collateral heirs to sell the real estate and enforce her claims in order to

free $7,767.78 from the category of "identical" property, any more than she owed them a duty not to remarry and have children or to refrain from making a will leaving everything to a hospital.

All the "identical" property came to Julia Chupp; was retained by her; and now goes to plaintiff, Robert J. Chupp. Whatever claims she had against her husband's estate were waived by her and have long since been barred. There is Ohio authority for this position. Directly in point is *Riley* v. *Keel* (1946), 84 Ohio App. 313. The case is especially significant by reason of the fact that the *trial court* charged the "identical" assets in the relict's estate with the amount waived by her as a claim against the estate of her deceased husband. The Court of Appeals reversed the judgment of the trial court and held that the widow had waived her claim and that such waiver could not then be disclaimed. See also *Kaczenski* v. *Kaczenski* (1962), 118 Ohio App. 225 (not a half-and-half statute case, but otherwise pertinent; includes the idea of *merger* of claims as well as waiver; quotes with approval from *Riley* v. *Keel, supra*).

CONCLUSIONS OF LAW

1. By devise from her husband, John Chupp, decedent Julia Chupp became the owner of an undivided one-half interest in each of the two parcels of real estate described in plaintiff's amended petition.

2. Upon the death of Julia Chupp, this undivided one-half interest in the designated real estate was "identical" property within the meaning of Section 2105.10, Revised Code, the half-and-half statute.

3. Under the provisions of Section 2105.10, Revised Code, the said undivided one-half interest in the designated real estate passes to and vests in the plaintiff, Robert J. Chupp.

4. No charge, claim, or lien exists against the said undivided one-half interest in the designated real estate.